IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER MCCORMICK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-CV-569-JED-FHM |
| SECRETARY SONNY PERDUE; | ) |
| COL. JERRY FLOWERS; | ) |
| DUSTY GOFORTH; | ) |
| DEPUTY ROBERT POPP; | ) |
| TERRY DEAN WICKHAM; | ) |
| THAD AUSTIN WICKHAM; | ) |
| NOWATA COUNTY; | ) |
| STATE OF OKLAHOMA; | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are motions to dismiss filed by the defendants. (Doc. 4, 6, 9). The plaintiff, Jennifer McCormick, filed no responses and has thus not contested any of the motions.

The plaintiff initiated this action by filing her "Petition, Complaint and Claim in the Nature of a Complaint for Libel, Slander and Defamation Resulting in Deprivation of the Right to Work, Loss of Affection, Emotional Anguish and False Imprisonment." (Doc. 1 at 1). The title of the Complaint is identical to that filed by Paul Leroy Wickham in Case No. 18-CV-449-JED-FHM, dismissal of which was affirmed by the Tenth Circuit Court of Appeals earlier this year. Mr. Wickham's prior lawsuit and this one named common defendants as well: the State of Oklahoma; Nowata County; Deputy Robert Popp; Terry Dean Wickham; and Thad Austin Wickham. While there is no claim that is discernible from the factual allegations of the Complaint, the plaintiff has attached documents with Paul Leroy Wickham's name on them, and her allegations appear to relate to the prior dismissed complaint brought by Paul Leroy Wickham. Mr. Wickham and Ms.

McCormick have filed numerous suits against various governmental officials, as well as against Terry Dean Wickham and Thad Austin Wickham. (*See* Case Nos. 18-CV-435-CVE-JFJ, 18-CV-449-JED-FHM, 19-CV-27-GKF-FHM, 19-CV-110-TCK-FHM).

Plaintiff is proceeding pro se. While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

The latest Complaint does not state any cognizable claim for relief against any of the defendants. Defendants Terry Dean Wickham, Thad Austin Wickham, Nowata County, and the State of Oklahoma are merely listed as defendants in the style of the case, and there are no substantive allegations asserted against them. In addition to failing to identify any factual basis for bringing suit against the State of Oklahoma (or any other defendant), the plaintiff has not provided any basis for ignoring the State's sovereign immunity. Absent a specific waiver of immunity, the Eleventh Amendment bars suits in federal court against a state and its agencies. U.S. Const. amend. XI; *see Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Reames v. Oklahoma ex rel. Okla. Health Care Authority*, 411 F.3d 1164, 1167-68 (10th Cir.

2005). That sovereign immunity is not abrogated by § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

As to the remaining defendants, the plaintiff merely alleges that "Secretary of Agriculture Sonny Perdue in session with Col. Jerry Flowers, Dusty Goforth, Deputy Robert Popp, are working out of the color of law." (Doc. 1 at 1). While the title of her Complaint suggests she is asserting claims for libel, slander, defamation, loss of affection, emotional anguish, and false imprisonment, the document does not contain a single fact supporting any such claims. She references Article 15, § 1 of the Oklahoma Constitution, which references an "oath or affirmation," but she does not explain the relevance of that provision or how it supports maintenance of any claim against any of the defendants.

As with Paul Wickham's prior Complaint, Ms. McCormick also alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and she references 42 U.S.C. § 1983, but she does not identify the requisite amount in controversy as to any defendant or that Terry Dean Wickham or Thad Austin Wickham are diverse defendants, and she does not allege that any defendant was acting "under" color of state law or identify any facts that state a plausible claim for a constitutional violation. Plaintiff cites 18 U.S.C. § 241, which is a criminal statute. That statute does not give rise to a private right of action. *Larsen v. Larsen*, 671 F. Supp. 718, 718 (D. Utah 1987), affirmed, 871 F.2d 718 (10th Cir. 1989), cert. denied, 493 U.S. 844 (1989). She similarly identifies an Oklahoma criminal statute, *Okla. Stat.* tit. 21, § 173, which defines accessories to crimes, but there is no legal authority that the statute provides a private right of action.

In addition to moving to dismiss for failure to state a claim, the United States, on behalf of Secretary of Agriculture, Sonny Perdue, moves for dismissal under Fed. R. Civ. P. 4(i), because

the plaintiff failed to properly serve the Complaint with respect to Secretary Perdue. The failure of service is uncontested. As with the other defendants, the plaintiff has also not asserted any cognizable claim against Secretary Perdue.

For all of the foregoing reasons, the dismissal motions (Doc. 4, 6, 9) are **granted**, and this action is dismissed without prejudice. A separate judgment of dismissal will be entered.

SO ORDERED this 26th day of June, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT